IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBINSON EYE CENTER, LLC,

        Plaintiff,                        13cv00383
                                                **ELECTRONICALLY FILED**
        vs.

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendants.

## MEMORANDUM ORDER RE: MOTION TO DISMISS (Doc. No. 3)

### I. INTRODUCTION

Presently before this Court is State Farm Fire and Casualty Company's ("Defendant's") Motion to Dismiss. Doc. No. 3. After removing this case from the Court of Common Pleas of Allegheny County, Defendant filed this instant Motion. Defendant contends that Robinson Eye Center's ("Plaintiff's") Complaint must be dismissed, with prejudice, because: (1) the statute of limitations bars Plaintiff's claim, and (2) Plaintiff fails to aver sufficient factual allegations to state claims for breach of contract and statutory bad faith. The Court has reviewed Plaintiff's Complaint (Doc. No. 1-2), Defendant's Motion to Dismiss (Doc. No. 3), Defendant's Brief in Support Thereof (Doc. No. 4), and Plaintiff's Counseled Response in Opposition Thereto (Doc. No. 12).[1] For the reasons that follow, Defendant's Motion to Dismiss (Doc. No. 3) will be DENIED.

---

[1] On April 9, 2013, the Court struck Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. No. 8) because of Plaintiff's *pro se* representation of the Plaintiff LLC and ordered that Plaintiff obtain counsel as soon as possible. Plaintiff has retained counsel of record and a counseled response has been filed. Doc. No. 12.

**II. STATEMENT OF THE FACTS**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, at this stage, the Court accepts all of the factual allegations in the Complaint as true and all reasonable inferences are drawn in Plaintiff's favor. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Taking the Plaintiff's factual allegations as true solely for the purposes of this Memorandum Opinion, the facts of this case are as follows:

Plaintiff is a limited liability company based in Monroeville, Pennsylvania. Doc. No. 1-2, ¶ 1. Plaintiff purchased a Property and Liability Insurance Policy from Defendant for its office in the Imperial Professional Plaza. Id. at ¶¶ 5-6. During the spring of 2010, the building in which Plaintiff's business was located experienced water intrusion whenever there was a substantial amount of rain. Id. at ¶ 8. Although Plaintiff's Landlord attempted to diagnose and remediate the water intrusion problem, it persisted. Id. at ¶¶ 9-10. A contractor, hired by the Landlord, failed to replace the stones of the river rock bed overlying the roof of the property and the office became even more vulnerable to wet weather conditions. Id. at ¶ 11.

On February 28, 2011, damage occurred when soaked ceiling tiles fell onto Plaintiff's diagnostic equipment and other property. Doc. No. 1-2, ¶ 13. Plaintiff filed a claim for these damages. Id. at ¶ 17. Defendant first sent a consultant to inspect Plaintiff's property for water damage. Id. at ¶ 18. Defendant's Claim Representative missed her first appointment to inspect the property, and then failed to follow-up after her inspection was completed. Id. at ¶¶ 19-22. On March 25, 2011, Plaintiff first informed Defendant's Claim Representative that noxious odors were causing the staff to become ill. Id. at ¶ 24. The Landlord installed a replacement roof in subfreezing temperatures, which caused these noxious odors to permeate the building. Id. at ¶ 24. Plaintiff did not have any information regarding the property inspections performed by

Defendant's consultant and claim representative. Id. at ¶¶ 25-29. On March 27, 2011, Defendants informed Plaintiff that they would not pay for Claim #1.[2]

On March 28, 2011, Plaintiff notified its local insurance agent, also employed by Defendant, about the noxious odors emanating from the replacement roof. Doc. No. 1-2, ¶¶ 31. Over the next two weeks, three building occupants visited the doctor due to symptoms caused by the noxious odors, and at least two of them were told to avoid the property. Id. at ¶¶ 33-34, 36. On April 7, 2011, the Allegheny County Health Department inspected Plaintiff's property and found unacceptable levels of volatile organic compounds in the air. Id. at ¶ 35.

Water intrusion on Plaintiff's property continued over the next several months. On April 19, 2011, Plaintiff reports a roof leak to Defendants. Doc. No. 1-2, ¶ 37. Two days later, Plaintiff filed Claim #2. Id. at ¶ 38. On April 28, 2011, Plaintiff reported water damage to electrical equipment, and filed Claim #3. Id. at ¶ 41. On June 23, 2011, Plaintiff reported water damage to ceiling tiles and carpet, and filed Claim #4 two days later. Id. at ¶¶ 72, 74. On June 30, 2011, Plaintiff's Landlord began performing leakage testing on the roof without permission, which caused further leakage into Plaintiff's property. Id. at ¶ 77. Plaintiff requested that Defendant file another claim regarding the unauthorized leakage testing. Id. at ¶ 78. Defendant refused to pay for any of Plaintiff's five claims, and terminated the insurance policy as of February 1, 2012. Id. at Exhibit A.

Plaintiff filed a Complaint in this matter against State Farm in the Court of Common Pleas of Allegheny County alleging: Count 1: breach of contract and Count II: statutory bad faith pursuant to 42 Pa. C. S. § 8371. Doc. No. 1-2.

---

[2] Defendants first notified Plaintiff that they would not pay for Claim #1 via facsimile on March 27, 2011, and then by U.S. Mail on March 28, 2011. Doc. No. 1-2, ¶¶ 29, 32.

**III. STANDARD OF REVIEW**

In considering a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly*, 550 U.S. 554 and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 662).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.*; *See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

The Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits.  *Twombly*, 550 U.S. at 563, n.8.  Instead, the Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements.  *Id.* at 556.  Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss.  *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Services, Inc.*, 346 Fed. App'x. 774, 776 (3d Cir. 2009).

In short, the Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him to relief.  *Twombly*, 550 U.S. at 563 n.8.

**IV. DISCUSSION**

Defendant raises two arguments in support of its Motion to Dismiss: (1) that the statute of limitations bars Plaintiff's claim, and (2) that Plaintiff fails to aver sufficient factual averments and/or legal grounds to state claims for breach of contract and bad faith.

*A. Statute of Limitations*

First, Defendant argues that the applicable statute of limitations bars Plaintiff's claim. Doc. No. 3, ¶ 3.  To support this argument, Defendant points to the following provision in the parties' insurance contract:

> [Under the section entitled "Conditions"]
> 6. **Legal Action Against Us.**  No one may bring legal action against us under this insurance unless:
> a. there has been full compliance with all of the terms of this insurance; and
> b. the action is brought within two years after the date on which the accidental direct physical loss occurred.

Defendant argues that all of Plaintiff's claims arise out of an active water leak that began in the Spring of 2010, and that because Plaintiff did not file a Complaint until February 25, 2013, its claims are barred by the "contractually provided for two-year period."  Doc. No. 4, 7.

Despite Defendant's contention otherwise, the Court believes that Plaintiff's statute of limitations should begin on February 28, 2011.  In the Complaint, Plaintiff outlines that although "water intrusion issues" began in the Spring of 2010, they did not result in damages until February 28, 2011.  The Complaint specifies that "on or about February 28, 2011, after substantial rainfall, the roof of the Property was leaking again and caused soaked ceiling tiles to fall in the Diagnostic Room of the Property damaging [Plaintiff's] diagnostic Equipment and other property."  Doc. No. 1-2, ¶ 13.  This is the first reference to actual damage in Plaintiff's Complaint.  Doc. No. 1-2.  After this damage to the property, Plaintiff notified the Landlord and requested that the Landlord contact the insurance company.  Id. at ¶ 14.  Although water may have been leaking prior to February 28, 2011, according to Plaintiff's Complaint, such leakage did not cause any damage.  Doc. No. 1-2.  Therefore, the earlier issues with water were more akin to issues between a landlord and his tenant than an insured and his insurance company.  Notably, if Plaintiff or his Landlord had contacted the insurance company to notify them that leakage occurred during substantial rainfall, it is unclear what claim, if any would have existed, because Plaintiff had not incurred any damages.

In sum, Plaintiff's claims against Defendant, filed on February 25, 2013, were filed within the applicable two year statute of limitations per the parties' contract, which began to run on February 28, 2011, when Plaintiff first incurred damage to the property.  Therefore, Defendant's Motion to Dismiss Plaintiff's Complaint based upon the applicable statute of limitations will be denied.

  *B. Breach of Contract*

Defendant next contends that Plaintiff's Complaint should be dismissed with prejudice because it "fails to attach the Policy, or to allege with any specificity or clarify (sp.) the essential

terms and provisions of the Policy." Doc. No. 4, 10.  Defendant undercuts its own earlier argument that Plaintiff's Complaint should be dismissed because of provisions in the Policy by then relying on Plaintiff's failure to attach the Policy as a reason to dismiss the Complaint.  The applicable Policy cannot be both Defendant's sword and shield.  Given Plaintiff's *pro se* status at the time the Complaint was filed and the allegations contained therein, the Court finds that the breach of contract claim has been sufficiently pled.  Therefore, Defendant's Motion to Dismiss on this ground will be denied.

*C. Bad Faith*

Finally, Defendant contends that Plaintiff's claim for statutory bad faith must be dismissed for failure to state a claim upon which relief may be granted.  A claim for statutory bad faith, pursuant to 42 Pa. C.S. § 8371, requires that Plaintiff demonstrate that the insurer: (1) did not have a reasonable basis for its actions and (2) knew of or recklessly disregarded its lack of reasonable basis for its actions.  *Keefe v. Prudential Pro. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000).  In its Complaint, Plaintiff alleges that that Defendant's consultants "selectively analyzed and relied upon information that purported to support its conclusion, rather than the facts and circumstances as a whole . . ." and that Defendant relied on the insufficient investigation to deny Plaintiff's claim.  Doc. No. 1-2, ¶ 134.  Plaintiff sets forth that Defendant's consultant did not follow-up on river rock ballast that had been removed from the roof, even though this could have been the cause of the leak and instead chose to blame the loss on an existing problem.  Doc. No. 17, 19.  These allegations demonstrate that Defendant did not have a reasonable basis for denying Plaintiff's claims and disregarded their lack of reasonable basis for that denial.

There are also allegations that Defendant actively discouraged Plaintiff from pursing a claim and asserted bases for denying the coverage which it knew to "have no basis in law or fact." Doc. No. 1-2, ¶¶ 134, 147. Despite Defendant's contention to the contrary, the Court believes that Plaintiff has set forth sufficient allegations which, if true, demonstrate that Plaintiff has a claim for statutory bad faith and that Plaintiff does not just "simply disagree[] with the claim decision made by State Farm." Doc. No. 4, 12. Therefore, Defendant's Motion to Dismiss will be denied in this respect.

## V. ORDER

Because Plaintiff's claims are timely and set forth sufficient factual allegations to substantiate its claims, Defendant's Motion to Dismiss will be denied.

AND NOW, this 25th day of April, 2013, IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss (Doc. No. 3) is **DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All Registered ECF Counsel and Parties