IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBINSON EYE CENTER, LLC,

        Plaintiff,                          13cv0383
                                               **ELECTRONICALLY FILED**
        v.

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant.

MEMORANDUM ORDER RE: DEFENDANT'S MOTION FOR RECONSIDERATION OR
CLARIFICATION OF ORDER DENYING DEFENDANT'S MOTION TO DISMISS
(DOC. NO. 23)

Presently before the Court is Defendant's Motion for Reconsideration or Clarification of this Court's Memorandum Order of Court denying Defendant's Motion to Dismiss for failure to state a claim (Doc. No. 13).[1]  Doc. No. 23.

Defendant contends that the Court, in its Memorandum Order, "apparently concluded as a matter of law that the date of loss was when the claim was reported to State Farm" and thus that Plaintiff's claim is not barred by the applicable two-year statute of limitations.  Doc. No. 24, 1.  This is not the Court's holding.  The Court merely determined that the factual averments, taken as true, as required in light of the motion to dismiss, provided sufficient support that the statute of limitations could have been triggered on February 28, 2011, rather than in the Spring of 2010 and thus, Plaintiff's Complaint would not be dismissed.  The Court has set forth its rationale and will not revisit its decision to deny Defendant's Motion to Dismiss.  The reasoning set forth in

---

[1] A proper motion for reconsideration under Rule 59(e) must rely on one of three grounds: (1) intervening change in controlling law; (2) availability of new evidence that was not available when the Court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999)).

Defendant's Motion for Reconsideration is more akin to a Motion for Summary Judgment and therefore, the Court will not address these arguments at this time (*e.g.* whether ceiling tiles falling in early February caused damages such to trigger the statute of limitations is a question of fact which is not appropriate at this time).  The Court will simply reiterate that its reading of Plaintiff's Complaint is that no damages occurred until February 28, 2011, when Plaintiff's optical equipment was damaged, which happens to coincide with the date that it filed a claim with Defendant.

AND NOW, this 16th day of May 2013, IT IS HEREBY ORDERED THAT Defendant's Motion for Reconsideration or Clarification of Order Denying Defendant's Motion to Dismiss (Doc. No. 23) is **DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties